IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Ricky Cunningham, | ) | MEMORANDUM DECISION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20110254-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 20, 2012) |
| State of Utah, | ) | |
| | ) | 2012 UT App 358 |
| Respondent and Appellee. | ) | |

-----

Seventh District, Moab Department, 100700055
The Honorable Lyle R. Anderson

Attorneys:     Ricky Cunningham, Gunnison, Appellant Pro Se
               Mark L. Shurtleff, Brett J. DelPorto, and Patrick B. Nolan, Salt Lake
               City, for Appellee

-----

Before Judges Thorne, McHugh, and Christiansen.

THORNE, Judge:

¶1     Petitioner Ricky Cunningham appeals the dismissal of his petition for post-conviction relief. We affirm.

¶2     A brief procedural background of Cunningham's criminal case is necessary to understand the issues on appeal. Cunningham entered into a plea agreement with the State and pleaded guilty to murder, classified as a domestic violence offense, and driving under the influence (DUI) with two or more prior convictions within ten years. On May 5, 2005, the trial court sentenced Cunningham to a mandatory term of five years to life on the murder conviction and zero to five years for the DUI conviction.

Approximately four years later, on March 18, 2010, Cunningham filed a petition for post-conviction relief, arguing ineffective assistance of counsel.[1]

¶3     The State filed a motion for summary judgment arguing that Cunningham's cause of action accrued one year "from the date on which petitioner knew or should have known, in the exercise of reasonable diligence, of evidentiary facts on which the petition is based," *see* Utah Code Ann. § 78B-9-107(2)(e) (LexisNexis 2008), and because Cunningham failed to file his post-conviction relief petition within that time frame the court should dismiss his case. The post-conviction court determined that Cunningham missed the deadline for post-conviction relief and that his tardiness was not excused by the equitable tolling exception to the one-year statute of limitations under Utah Code section 78B-9-107(3). Thereafter, the court dismissed Cunningham's petition finding that it was barred by the one-year statute of limitations for post-conviction relief. Cunningham appeals the court's post-conviction ruling, arguing that his tardiness is excused by the Post-Conviction Relief Act's (PCRA) "interest of justice" exception to the one-year statute of limitations. "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." *Gardner v. State*, 2010 UT 46, ¶ 55, 234 P.3d 1115 (internal quotation marks omitted).

¶4     Cunningham argues that the court erred by failing to excuse his tardiness in filing his post-conviction petition under an "interest of justice" exception. Cunningham asserts that the "interest of justice" exception requires "reversal of [a]ny conviction obtained via [the] deprivation of [a] fundamental right regardless of the mere passage of time." The "interest of justice" exception that Cunningham asserts excuses the late filing of his petition is found in Utah Code section 78-35a-107(3), a previous version of the PCRA. *See* Utah Code Ann. § 78-35a-107(3) (LexisNexis Supp. 2007). The "interest of justice" language in section 78-35a-107(3) has been replaced by the current tolling provision, effective May 5, 2008, that tolls the limitation period "for any period during which the petitioner was prevented from filing a petition due to state action in violation of the United States Constitution, or due to physical or mental incapacity." Utah Code

---

[1]Cunningham argued that his defense attorney incorrectly advised him that he would serve less time in prison if he pleaded guilty. Cunningham also argued that his attorney failed to investigate an inability to form intent defense related to his highly intoxicated state and bipolar disorder.

Ann. § 78B-9-107(3) amend. notes (LexisNexis 2008).[2] Cunningham has not attempted to satisfy the requirements of the currently effective PCRA.

¶5      Even under the prior version of the PCRA, Cunningham has failed to demonstrate that any "interest of justice" exception would apply to him. To invoke an "interest of justice" exception under section 78-35a-107, a petitioner must "persuade the court that, given the combined weight of the meritoriousness of petitioner's claim and the justifications for raising it late, the interests of justice require the court to apply an exception to procedural rules." *Gardner*, 2010 UT 46, ¶ 94. Cunningham has not only neglected to provide either court with the reason why he was incapable of timely filing his post-conviction petition,[3] he has not persuaded this court that given the combined weight of the meritoriousness of his claim and the justification for raising it late, the interests of justice require this court to create an exception to the statute of limitations applicable to post-conviction relief.

---

[2]Cunningham also argues that a post-conviction statute, such as the current section 78B-9-107, that contains a limitation bar but does not include an "interest of justice" exception is unconstitutional. Cunningham does not articulate the manner in which the current statute of limitations for post-conviction relief is not constitutional. Nor does he address how the current statute, with the tolling provision in subsection (3), is insufficiently flexible to meet constitutional requirements. Thus, we decline to address Cunningham's constitutional argument. *See State v. Anderson*, 701 P.2d 1099, 1103 (Utah 1985) ("It is a fundamental rule that this [c]ourt should avoid addressing constitutional issues unless required to do so.").

[3]Cunningham, within the one-year statute of limitations period, either knew or should have known, in the exercise of reasonable diligence of the facts underpinning his ineffective assistance of counsel claim, which claim provides the basis for his post-conviction petition. Cunningham concedes, in his brief on appeal, that he was aware several months into his prison term, that his defense counsel incorrectly advised him that he would serve less time in prison if he accepted the plea bargain. The post-conviction court found that Cunningham knew at the time of the incident that he had been intoxicated and that he had bipolar disorder.

¶6 Cunningham has neither claimed compliance with the PCRA requirements nor demonstrated that any "interest of justice" exception applies. We affirm the post-conviction court's dismissal of Cunningham's petition for post-conviction relief.

¶7 Affirmed.


_____
William A. Thorne Jr., Judge


-----


¶8 WE CONCUR:


_____
Carolyn B. McHugh, Judge


_____
Michele M. Christiansen, Judge