**2015 UT App 204**

## THE UTAH COURT OF APPEALS

CLARENCE SHEDWOOD BRANCH,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Amended Per Curiam Decision[1]
No. 20140505-CA
Filed August 13, 2015

Second District Court, Farmington Department
The Honorable John R. Morris
No. 130700217

Clarence Shedwood Branch, Appellant Pro Se

Sean D. Reyes and Andrew F. Peterson, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
JOHN A. PEARCE.

PER CURIAM:

¶1      Clarence Shedwood Branch appeals the dismissal of his petition for post-conviction relief as time-barred under Utah's Post-Conviction Remedies Act (the PCRA). We affirm.

¶2      Pursuant to a plea bargain that resolved three criminal cases, Branch pleaded guilty to first degree felony aggravated assault, second degree felony attempted rape, and third degree

---

1. This Amended Per Curiam Decision replaces our Per Curiam Decision issued June 18, 2015, *see Branch v. State*, 2015 UT App 155. In this decision, we modify the last sentence of paragraph 7 and revise paragraph 8.

felony aggravated assault. On December 22, 2005, the district court sentenced Branch to fifteen years to life for aggravated sexual assault, one to fifteen years for attempted rape, and zero to five years for aggravated assault, with the terms to run consecutively. Branch did not seek to withdraw his guilty pleas and did not appeal.

¶3    Under the PCRA, a "petitioner is entitled to relief only if the petition is filed within one year after the cause of action has accrued." Utah Code Ann. § 78B-9-107(1) (LexisNexis 2012). If no direct appeal is filed, the cause of action accrues on "the last day for filing an appeal from the entry of the final judgment of conviction." *Id.* § 78B-9-107(2)(a). Branch had until January 21, 2006, to file a notice of appeal. Therefore, his cause of action accrued on that date, and he had one year, until January 21, 2007, in which to file a timely post-conviction petition. Branch filed his petition on March 12, 2013, in which he challenged the voluntariness of his guilty pleas and claimed ineffective assistance of his trial counsel. In support of the latter claim, he alleged that he received inaccurate advice about the potential sentence, he was under the influence of medication administered at the jail, and counsel failed to investigate his mental competence.[2] Branch claimed counsel did not tell him about lesser included offenses, told him he would be paroled, refused to file motions challenging the credibility of the aggravated sexual assault victim, did not hire an expert, incorrectly waived a preliminary hearing, and did not explain indeterminate sentencing to him.

¶4    The PCRA provides that "[t]he limitations period is tolled for any period during which the petitioner was prevented from filing a petition due to state action in violation of the United

---

2. Records from the underlying criminal cases reflect that after competency evaluation proceedings, the court found that Branch was competent.

States Constitution, or due to physical or mental incapacity." *Id.* § 78B-9-107(3). Branch had the burden to prove by a preponderance of the evidence that he was entitled to relief under section 78B-9-107(3). He did not allege any action by the State in violation of the United States Constitution that prevented him from timely filing his petition. In addition, the district court correctly concluded that while Branch claimed that he was under the influence of medication at the time of his guilty pleas and sentencing, he did not allege or demonstrate that his failure to file a post-conviction petition for over seven years after conviction was due to his physical or mental incapacity.

¶5     After the district court raised a possible time bar and the State filed a motion to dismiss on the same basis, Branch claimed that his petition was based upon a claim of factual innocence or exoneration through DNA testing. These claims were made in an apparent attempt to avoid the time bar applicable to his PCRA claims as pleaded. *See id.* § 78B-9-107(4) ("The statute of limitations is tolled during the pendency of the outcome of a petition asserting: (a) exoneration through DNA testing under Section 78B-9-303; or (b) factual innocence under Section 78B-9-401."). However, the State correctly notes that Branch's petition alleged that he received ineffective assistance of counsel and that his guilty pleas were invalid. He did not allege a statutory factual innocence or exoneration through DNA testing claim, although his filings mentioned DNA evidence in passing. Furthermore, factual innocence or exoneration through DNA testing claims must be made in separate petitions and cannot be combined in a petition under the PCRA's general provisions. *See id.* § 78B-9-104(3) (stating that DNA testing and factual innocence claims "may not be filed as part of a petition under" the general provisions of the PCRA, "but shall be filed separately and in conformity with the provisions of Part 3 or Part 4"). The district court correctly concluded that the statutory tolling provisions applicable to factual innocence or exoneration through DNA testing petitions were inapplicable to Branch's petition in this

case, and those provisions did not act to extend the limitations period.

¶6     Branch also claimed that he was entitled to equitable tolling of the PCRA's time bar based upon the "interests of justice" or egregious injustice exceptions. The 2008 amendments to the PCRA removed the previous "interests of justice" language and replaced it with the statutory tolling provisions of section 78B-9-107. *See Cunningham v. State*, 2012 UT App 358, ¶ 4, 294 P.3d 588. While Utah Supreme Court case law suggests that a court may have the authority to consider claims that are otherwise procedurally barred, the supreme court has not delineated the parameters of any exception. *See Gardner v. State*, 2010 UT 46, ¶ 94, 234 P.3d 1115; *see also Winward v. State*, 2012 UT 85, ¶ 14, 293 P.3d 259 (stating that *Gardner* "explicitly declined to decide whether any exception to the PCRA's procedural bars survived the 2008 amendments"). In *Winward*, the supreme court articulated a framework for considering a petitioner's claim that he qualifies for an exception to the PCRA's procedural bars. *Winward*, 2012 UT 85, ¶ 18. As a "threshold question, [a petitioner] must demonstrate that he has a reasonable justification for missing the deadline, combined with a meritorious defense." *Id.* Thus, a petitioner is required to "persuade the court that, given the combined weight of the meritoriousness of the petitioner's claim and the justifications for raising it late, the court should consider recognizing an exception to the PCRA's procedural rules." *Id.* ¶ 20 (citation and internal quotation marks omitted).

¶7     Here, the district court found that Branch "provided no justification for waiting approximately seven years to file" the petition and that Branch alleged no facts to suggest that the conduct of his trial counsel or the medications he had taken "had any effect on his ability to timely raise his claims." Accordingly, Branch could not satisfy the threshold test to merit any further consideration of an exception to the PCRA's time bar. *See id.* ¶ 19 (stating that if the threshold question is not satisfied, the court

need not address the question of the constitutional authority to recognize an exception to the PCRA's procedural bar). Accordingly, the district court correctly rejected the claim that Branch justified his filing delay sufficient to even consider whether he should be excused from the time bar.

¶8      Finally, Branch suggested that he was entitled to assert his claims based upon *Winward* because he argued it announced a change in the law applicable to ineffective assistance of counsel claims arising during the plea bargaining process and therefore should toll the statute of limitations on Branch's similar claim under the statutory exception contained in section 78B-9-104(1)(f). *Id.* ¶ 35 ("Because the U.S. Supreme Court's decision in *Lafler* [*v. Cooper*, 132 S. Ct. 1376 (2012)] overrules our holding in [*State v.*] *Greuber* [2007 UT 50, 165 P.3d 1185], Mr. Winward may be entitled to file a new post-conviction claim under the PCRA's statute of limitations."). Because Branch accepted his plea bargain, the situation addressed in *Winward* does not exist in the underlying case and the *Winward* holding would not apply to Branch's claims. Furthermore, the Utah Supreme Court has since determined in Winward's second appeal that *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), and *Missouri v. Frye*, 132 S.Ct. 1399 (2012), "do not give rise to a new cause of action under the PCRA." *Winward v. State*, 2015 UT 61, ¶ 2.

¶9      Because Branch's remaining claims were not presented to the district court and are therefore unpreserved, those claims will not be considered for the first time on appeal. *See State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346. Accordingly, we affirm the district court's dismissal of Branch's post-conviction petition as time-barred.

———————